**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO     AUG 28 2006

ELADIO PEREZ # 61318

Plaintiff,

v.

GEO CORPORATION, et al.,

Defendants.

MATTHEW J. DYKMAN
CLERK

Civ. No. 06-00530 JB/RLP

### MAGISTRATE JUDGE'S REPORT & RECOMMENDATION[1]

1.   This is a proceeding brought pursuant to 42 U.S.C. § 1983. Plaintiff alleges that despite severe medical problems, he is being forced to work in the kitchen where he is incarcerated. He also cites Defendants' failure to transfer him to a geriatric care facility. In response to Plaintiff's complaint, Defendants filed a Motion to Dismiss, citing Plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

2.   The Court issued an Order to Show Cause, requesting Plaintiff submit to the Court evidence that he has exhausted his administrative remedies and informing him that his claim would be dismissed if he did not comply. Order [Doc. 9].

3.   In lieu of a response, Plaintiff has submitted two Motions for Appointment of counsel. [Doc. 10 & 12]. Attached to the first Motion is a letter written to an individual named "Mr. Garcia" in which Plaintiff alleges he has a swollen leg and is still being forced

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation (R&R) that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the R&R in the United States District Court. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the R&R. If no objections are filed, no appellate review will be allowed.



to work in the kitchen, despite a doctor's excuse from such work. The other attachment is a Health Services Request Form, in which Plaintiff seeks medical relief for his swollen leg. See Doc. 10 and attachments thereto.

4. In his second Motion, Plaintiff states he does not speak English and has trouble filling out the forms and grievances and therefore requires appointment of counsel. Doc. 12.

5. "'[R]esort to a prison grievance process must precede resort to a court' anytime an inmate wishes to file a federal claim relating to conditions of confinement.'" Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1207 (10th Cir. 2003) (quoting Porter v. Nussle, 534 U.S. 516 (2002). The exhaustion provision of the PLRA is mandatory. Porter, 534 U.S. at 532.

6. Notwithstanding Plaintiff's claim that he has trouble filling out forms, he has nevertheless availed himself of assistance with filling out the pleadings for this Court and the various letters he has submitted. He concedes he has filed no grievance and therefore his claims under § 1983 must be dismissed.

## RECOMMENDED DISPOSITION

I recommend that Plaintiff's Motions for Appointment of Counsel [Doc. 10 & 12] be denied; and that Defendants' Motion to Dismiss [Doc. 4] be granted; and that this case be dismissed without prejudice.

Richard L. Puglisi
United States Magistrate Judge